IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ANNA M. COLLINS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-0018-HE |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Anna M. Collins (Plaintiff) brings this action for judicial review of the Defendant Acting Commissioner of Social Security's (Commissioner) final decision she was not "disabled" under the terms of the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). Chief United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b). Following a careful review of the parties' briefs, the administrative record (AR), and the relevant authority, the undersigned recommends the court reverse and remand the Commissioner's decision.

**I. Administrative determination.**

    **A. Disability standard.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

B.  **Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that he can no longer engage in his prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

C.  **Relevant findings.**

1.  **Administrative Law Judge (ALJ) findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis in order to decide whether Plaintiff was disabled during the relevant timeframe. AR 64-71; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*,

561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). Specifically, the ALJ found Plaintiff:

(1) had severe impairments including "status post 3-level neck fusion, degenerative disc disease of the lumbar spine and hips, bilateral carpal tunnel syndrome and status post rotator cuff repair, diabetes mellitus, depression, anxiety, hypertension, and obesity";

(2) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(3) had the RFC to perform light work with a variety of limitations, and could "perform simple and detailed tasks and instructions, but not complex tasks";

(4) could perform her past relevant work as payroll coordinator and routine office clerk; and

(5) was not disabled.

*Id.* at 64-71.

### 2. Appeals Council findings.

The Social Security Administration's Appeals Council found no reason to review that decision, so the ALJ's decision is the Commissioner's final decision in this case. *Id.* at 1-4; *see Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks omitted).

### B. Issues for judicial review.

Although she also poses various sub-arguments, Plaintiff primarily challenges the ALJ's decision on three overarching grounds: (1) the record lacks sufficient evidence her past work as a routine office clerk qualifies as "substantial gainful activity"; (2) her RFC limitation to performing only simple and detailed tasks prohibits her from performing her past work as a payroll coordinator, which requires a "reasoning level of R4"; and (3) the ALJ gave great weight to the State agency psychologist's finding Plaintiff can "relate to

4

supervision and a limited number of coworkers on a superficial work basis" but failed to include the limitation in her RFC. Doc. 18, at 12-25.

The Commissioner essentially concedes Plaintiff's first allegation, agreeing "it is indeed unclear from the record . . . whether the job of office clerk was properly considered past relevant work." Doc. 22, at 5. The Commissioner argues the error is harmless however, "as the ALJ also found she could perform her past relevant work as a payroll coordinator." *Id.* On Plaintiff's third claim, the Commissioner first offers only improper post hoc justifications for why the ALJ *might* have declined to include all the State agency psychologist's functional limitations,[1] *id.* at 11-12, and then argues the alleged error is harmless because the job of payroll coordinator does not require "more than superficial contact with co-workers or supervisors." *Id.* at 12. So, the threshold question is whether substantial evidence supports the ALJ's finding Plaintiff could perform her past relevant work as a payroll coordinator. The court should find it does not, and remand is necessary.

---

[1] The ALJ's decision must be evaluated "based solely on the reasons stated in the decision." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). A "post hoc rationale is improper because it usurps the agency's function of weighing and balancing the evidence in the first instance." *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008). On remand, the ALJ should either include the limitation in Plaintiff's RFC or explain his reasons for omitting it.

5

### C. Past relevant work determination.

In relevant part, Plaintiff maintains the ALJ erred at the step-four determination she could perform her past relevant work as a payroll coordinator. Doc. 18, at 15-22. Specifically, Plaintiff explains her RFC limited her to "simple and detailed tasks and instructions, but not complex tasks," but the Dictionary of Occupational Titles ("DICOT") describes a payroll coordinator job as requiring reasoning level four—which anticipates complex tasks. *Id.* at 20-22.[2] According to Plaintiff, the record does not include any testimony explaining this inconsistency. *Id.* at 22. The undersigned agrees.

As discussed above, the ALJ assessed Plaintiff's RFC and found while she could carry out simple and detailed tasks, she could not perform complex

---

[2] Plaintiff also complains the ALJ failed to properly inquire about how she actually performed the job—both physically and mentally—and argues how she actually performed the job is inconsistent with her RFC. Doc. 18, at 16-20. Admittedly, the ALJ misspoke when he stated the vocational expert ("VE") testified Plaintiff could perform the job of payroll coordinator "as actually performed." AR 71. The expert actually testified Plaintiff could perform it "as it's described in the DOT, but not as performed." *Id.* at 98. However, this misstatement is harmless, as the question is whether a plaintiff can perform her past work *either* as she actually performed it *or* as it is generally performed in the national economy. *See Hill v. Astrue*, 289 F. App'x 289, 295 (10th Cir. 2008) (citing SSR 82-61, 1982 WL 31387, at *2); *see also Dumas v. Colvin*, 585 F. App'x 958, 960 (10th Cir. 2014) (affirming the district court's finding "that even if the ALJ erred in determining Mr. Dumas retained the RFC for the line attendant job as he had actually performed it, any error was harmless because the ALJ also determined that Mr. Dumas could return to the line attendant job as the job is generally performed in the national economy").

tasks. AR 67. With no explanation, the VE testified a hypothetical claimant with that RFC could perform the job of payroll coordinator as it is described in the DICOT. *Id.* at 98. However, the DICOT describes payroll coordinator as requiring reasoning level four—that is, the worker must be able to:

> Apply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists. Interpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form. Examples of rational systems are: bookkeeping, internal combustion engines, electric wiring systems, house building, farm management, and navigation.

DICOT 215.382-014 (G.P.O.), 1991 WL 671908.

Under published Tenth Circuit law, the ALJ's finding Plaintiff could perform at reasoning level four with a limitation to simple and detailed tasks appears inconsistent. For example, in *Hackett v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005), the ALJ found the plaintiff's RFC allowed her to maintain "the attention, concentration, persistence and pace levels required for simple and routine work tasks" and she could perform "jobs requiring a reasoning level of three." *Id.* at 1176. The Tenth Circuit reversed, finding "level-two reasoning requires the worker to 'apply commonsense understanding to carry out detailed but uninvolved written or oral instructions and deal with problems involving a few concrete variables in or from standardized situations.' This level-two reasoning appears more consistent with Plaintiff's RFC." *Id.*

7

(citations and internal brackets omitted). The appellate court remanded the case "to allow the ALJ to address the apparent conflict between [p]laintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified . . . by the VE." *Id.* Here, the inconsistency is even greater, as under *Hackett*, Plaintiff's RFC would likely fall at level-two reasoning, and, without any explanation, the ALJ found she could perform work requiring level four reasoning.

Pointing to unpublished cases, the Commissioner argues the DICOT's reasoning levels do not have a direct correlation to actual mental requirements and instead "'describes the general educational background that makes an individual suitable for the job.'" Doc. 22, at 9 (quoting *Anderson v. Colvin*, 514 F. App'x 756, 764 (10th Cir. 2013) and citing *Mounts v. Astrue*, 479 F. App'x 860, 868 (10th Cir. 2012)). However, this Court has repeatedly rejected the same argument raised in other cases, holding in one instance: "Although the Court finds it difficult to reconcile here the separate approaches represented by *Hackett* and *Anderson*, it is bound to follow the clear dictates of the circuit's published decision in *Hackett*. Therefore, the Court declines to follow *Anderson* and looks to the circuit's opinion in *Hackett* for guidance." *Paddelty v. Colvin*, No. CIV-14-891-D, 2016 WL 3647697, at *3 (W.D. Okla. July 1, 2016) (unpublished district court order) (rejecting the Commissioner's argument the

8

DICOT's reasoning levels "relate only to a claimant's educational background" under *Anderson*, finding "courts in this district have uniformly followed *Hackett* when the Commissioner has presented them with similar arguments relying on *Anderson* and collecting cases); *see also Farris v. Berryhill*, No. CIV-16-0359-HE, 2017 WL 2303531, at *1, *6-7 (W.D. Okla. May 25, 2017) (unpublished district court order) (adopting the magistrate judge's rejection of the Commissioner's reliance on *Anderson* and *Mounts* and finding, under *Hackett*, the ALJ erred in limiting plaintiff to "simple and routine" tasks but finding he could perform a job with a reasoning level three without "addressing such conflict in the decision"); *Gallegos v. Berryhill*, No. 16-264-GJF, 2017 WL 3127876, at *10-13 (D. N.M. July 21, 2017) (unpublished district court order) (rejecting the Commissioner's reliance on *Anderson* and *Mounts* and holding the court would instead "follow the guidance of *Hackett* and reverse and remand 'to allow the ALJ to address the apparent conflict between Plaintiff's inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE'" (citing *Hackett*, 395 F.3d at 1176).[3]

---

[3] As this Court has also noted, in both *Anderson* and *Mount*, "any error in failing to assess inconsistencies between the claimant's RFC and the GED reasoning levels was harmless because either additional findings were made showing other jobs with lower reasoning levels could be performed or the ALJ expressly included the GED reasoning levels in the RFC." *Farris*, 2017 WL

Under *Hackett* and this Court's holdings, the undersigned finds Plaintiff's RFC and the reasoning level-four requirement for payroll coordinator appear inconsistent and the "ALJ did not, to the Court's satisfaction, resolve the apparent conflict between the VE's testimony and the DICOT." *Paddelty*, 2016 WL 3647697, at *4. So, the undersigned recommend the court reverse and remand for further proceedings. *Id.*; *see also Urias v. Berryhill*, No. CIV-16-1063-KBM, 2017 WL 3025926, at *9 (D. N.M. July 11, 2017) (unpublished district court order) ("Plaintiff retains the RFC to 'understand, remember, and carry out detailed but not complex instructions' . . . . Plaintiff's RFC, therefore, more closely matches the requirements of level 2 reasoning than levels 3 and 4. As such, the Court finds that there is an apparent conflict between Plaintiff's RFC and the reasoning levels of the three jobs identified by the VE." (citation omitted)); *Gaskell v. Astrue*, No. 10-CV-01901-WYD, 2011 WL 4383103, at *12 (D. Colo. Sept. 20, 2011) (unpublished district court order) (reversing the ALJ's decision, and, relying on *Hackett*, concluding: "Courts have repeatedly found that a limitation to simple, routine tasks is inconsistent with reasoning levels two or three, let alone the reasoning level 4 required of a receptionist.").

---

2303531 at *7. As in *Farris*, "neither of those circumstances are presented here." *Id.*

### III. Recommendation and notice of right to object.

Based on the foregoing, the undersigned recommends the court reverse and remand the Commissioner's decision.

The undersigned advises the parties of their right to object to this report and recommendation by the 12th day of September, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 23rd day of August, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE